IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| CLARA MUNSON,<br>             Plaintiff(s)<br><br>v.<br><br>NOVO NORDISK INC. and<br>NOVO NORDISK A/S,<br>             Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: _____ |

## SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1. Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): __Clara Munson_____.

2. If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: _____N/A_____, as _____ of the estate of _____, deceased.

3. If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): __N/A_____.

4. If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: _____N/A_____.

**Defendant(s)**

5. Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

　　　__X__ Novo Nordisk Inc.

　　　__X__ Novo Nordisk A/S

　　　_____ Eli Lilly and Company

　　　_____ Lilly USA, LLC

　　　_____ other(s) (identify): _____

## JURISDICTION AND VENUE

6. City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

   ___Dallas, Texas___

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

   ___Texas___

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

   ___Texas___

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

   ___Dallas, Texas___

10. Jurisdiction is based on:

    __X__  diversity of citizenship pursuant to 28 U.S.C. § 1332

    _____  other (plead in sufficient detail as required by applicable rules):

    _____

    _____

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

    ___Texas Northern District Court___

12. Venue is proper in the District Court identified in Paragraph 11 because:

    __X__  a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

_____   other (plead in sufficient detail as required by applicable rules):

_____

_____

13. If applicable, identify the citizenship of any additional Defendant(s) named above:

___N/A_____

**PRODUCT USE**

14. Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

   _X_    Ozempic (semaglutide)

  _____    Wegovy (semaglutide)

  _____    Rybelsus (oral semaglutide)

  _____    Victoza (liraglutide)

  _____    Saxenda (liraglutide)

  _____    Trulicity (dulaglutide)

  _____    Mounjaro (tirzepatide)

  _____    Zepbound (tirzepatide)

  _____    Other(s) (specify): _____

15. To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

    __February 2023 through April 2024_____

    _____

    _____

    _____

**INJURIES AND DAMAGES**

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

   \_\_\_\_\_ Gastroparesis

   __X_ Other gastro-intestinal injuries (specify) <u>severe gastrointestinal symptoms due to intestinal obstruction</u>

   \_\_\_\_\_ Ileus

   \_\_\_\_\_ Ischemic Bowel/Ischemic Colitis

   _X__ Intestinal Obstruction

   \_\_\_\_\_ Necrotizing Pancreatitis

   \_\_\_\_\_ Gallbladder Injury (specify) _____

   \_\_\_\_\_ Micronutrient Deficiency

   \_\_\_\_\_ Wernicke's encephalopathy

   \_\_\_\_\_ Aspiration

   \_\_\_\_\_ Death

   \_\_\_\_\_ Additional/Other(s) (specify): _____

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

   __<u>Plaintiff's injuries stemming from Bowel Obstruction occurred in January 2024</u>_

18. In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

    _X_    Injury to self

    _____ Injury to person represented

    _____ Economic loss

    _____ Wrongful death

    _____ Survivorship

    _____ Loss of services

    _____ Loss of consortium

    _____ other(s) (specify): _____

## CAUSES OF ACTION

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

\_\_\_\_ Count I:      Failure to Warn – Negligence

\_\_\_\_ Count II:     Failure to Warn – Strict Liability

\_\_\_\_ Count III:    Breach of Express Warranty/Failure to Conform to Representations

\_\_\_\_ Count IV:   Breach of Implied Warranty

\_\_\_\_\_ Count V:     Fraudulent Concealment/Fraud by Omission

\_\_\_\_\_ Count VI:    Fraudulent/Intentional Misrepresentation

\_\_\_\_\_ Count VII:   Negligent Misrepresentation/Marketing

\_\_\_\_\_ Count VIII:  Strict Product Liability Misrepresentation/Marketing

\_\_\_\_\_ Count IX:    Innocent Misrepresentation/Marketing

\_\_\_\_ Count X:     Unfair Trade Practices/Consumer Protection (see below)

\_\_\_\_ Count XI:    Negligence

\_\_\_\_ Count XII:   Negligent Undertaking

__X__ Count XIII:  State Product Liability Act (see below)

\_\_\_\_\_ Count XIV:   Wrongful Death

\_\_\_\_\_ Count XV:    Loss of Consortium

\_\_\_\_\_ Count XVI:   Survival Action

\_\_\_\_\_ Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_____

_____

_____

_____

20. If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

    a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

        ___N/A_____

_____

_____

    b. Identify the factual allegations supporting those claims (by subsection, if applicable):

        ____N/A_____

_____

_____

*\* Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

   a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

   Tex. Civ. Prac. & Rem. Code Ann. §§ 82.001, 82.007, 82.008

   b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

   Count I Failure to Warn – Negligence; Count II Failure to Warn – Strict Liability; Count III: Breach of Express Warranty/Failure to Conform to Representations; Count IV: Breach of Implied Warranty; Count XI: Negligence; and Count XII: Negligent Undertaking

   c. Identify the factual allegations supporting those claims:

   *See, e.g.*, ¶¶ 606-640 of the Master Complaint (negligent failure to warn); ¶¶ 641-674 (strict liability failure to warn); ¶¶ 675-698 (breach of express warranty); ¶¶ 699-720 (breach of implied warranty); ¶¶ 866-880 (negligence); ¶¶ 881-903 (negligent undertaking), all incorporated herein by reference.

10

*\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

      22.      If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)?  __No_____ .[1]  If so, attach such notice.

---

[1] To the extent that any pre-suit notice was required, Plaintiff has complied or substantially complied with all applicable notice requirements or is otherwise excused from compliance for this proceeding. Defendant(s) had notice of their violations for years including lawsuits dating back to 2023. In response, Defendant(s) refused to acknowledge and cure the violations alleged herein in a manner that would compensate Plaintiff for the losses Plaintiff has suffered as a result of the misconduct alleged herein. Therefore, any additional notice would be futile.

**RELIEF**

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

**JURY DEMAND**

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: January 12, 2026

> By: */s/ Hannah Pfeifler*
> Hannah Pfeifler (Admitted *Pro Hac Vice)*
> Aylstock, Witkin, Kreis & Overholtz, PLLC
> 17 East Main St., Suite 200
> Pensacola, FL 32502
> Phone: (850) 202-1010
> Facsimile: (850) 916-7449
> hpfeifler@awkolaw.com
> *Attorney for Plaintiff Clara Munson*